UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TODD DAVIS,

    Petitioner,                        Civil No. 2:08-CV-13124
                                         HONORABLE VICTORIA A. ROBERTS
                                         UNITED STATES DISTRICT JUDGE

v.

NICK LUDWICK,

    Respondent,
_____/

## ORDER GRANTING IN PART PETITIONER'S REQUEST TO COMPEL THE PRODUCTION OF STATE COURT RECORD

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 28, 2008, the Court signed an order of responsive pleading requiring respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by January 30, 2009. Respondent filed an answer to the petition on that date. Respondent, however, failed to file the Rule 5 materials.

Petitioner has now filed a motion to compel the production of the state court record.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254

Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer. *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991). The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

Petitioner has attached to his petition his preliminary examination transcript, his guilty plea transcript, his sentencing transcript, his pre-sentence investigation report, and the orders from the Michigan Court of Appeals and the Michigan Supreme Court denying him relief from his conviction. Because Petitioner has attached these relevant Rule 5 materials to his habeas petition, it is unnecessary for the Court to compel respondent to provide these Rule 5 materials. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004).

Petitioner, however, indicates that subsequent to being sentenced, he filed a motion to withdraw his guilty plea. An evidentiary hearing was held on Petitioner's motion to withdraw his plea on April 30, 2007. According to respondent, the trial court denied Petitioner's motion to withdraw the plea on September 5, 2007. Neither Petitioner's motion to withdraw the plea, the transcript from the evidentiary hearing on the motion, or any opinions and orders denying the motion have been provided to the Court. These materials are necessary for resolving Petitioner's claims.

Based upon the foregoing, the Court orders respondent to produce a copy of the motion to withdraw the guilty plea, the transcript from the evidentiary hearing of April 30, 2007, and the trial court's opinion or order dated September 5, 2007 denying the motion within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with the order.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 6, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Todd Davis by electronic means or U.S. Mail on March 6, 2009.

s/Carol A. Pinegar
Deputy Clerk